```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IDEAL STEEL SUPPLY CORP.,                    :
                                             :
                        Plaintiff,           :   02 Civ. 4788 (RMB) (AJP)
                                             :
        - against -                          :
                                             :       **ORDER**
JOSEPH ANZA, VINCENT ANZA and                :
NATIONAL STEEL SUPPLY, INC.,                 :
                                             :
                        Defendants.          :
------------------------------------------------------------x
```

## I. Background

Ideal Steel Supply Corp. ("Plaintiff") objects to an Order, dated March 29, 2005, issued by United States Magistrate Judge Andrew J. Peck ("March 29 Order"). The March 29 Order denied Plaintiff's request to modify the parties' stipulated Protective Order, dated October 12, 2004, "to allow plaintiff to present information about [Joseph Anza, Vincent Anza, and National Steel Supply, Inc.'s ('Defendants')] alleged 'ongoing [tax] fraud to the appropriate authorities.'" March 29 Order at 1-2 (citation omitted) ("Suffice it to say that since plaintiff's complaint alleged tax fraud (at least as to sales tax), it was foreseeable that plaintiff might want to disclose defendants' information to government tax authorities. Plaintiff could have provided for that in the stipulated Protective Order but did not.").

**For the reasons set forth below, Magistrate Judge Peck's Order is affirmed.**

## II. Standard of Review

When considering objections to an order issued by a magistrate judge concerning a nondispositive matter, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). An

v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). An order is "clearly erroneous" if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," and it is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Thompson, 1996 WL 229887, at *1 (internal quotations omitted).

### III. Analysis

Having reviewed the record in this case, including, among other things, the March 29 Order, the Protective Order, Plaintiff's Memorandum In Support of Its Appeal, dated April 12, 2005, Defendants' Memorandum of Law In Opposition to Plaintiff's Objection, dated April 27, 2005, and the applicable law, the Court concludes that Magistrate Judge Peck's March 29 Order was neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a); Bayer AG & Miles, Inc. v. Barr Labs., Inc., 162 F.R.D. 456 (S.D.N.Y. 1995); see also Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291 (2d Cir. 1979).

### IV. Conclusion

For the reasons stated above, Magistrate Judge Peck's March 29 Order is affirmed.

Dated: New York, New York
April 29, 2005

_____
**Richard M. Berman, U.S.D.J.**