```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x

IDEAL STEEL SUPPLY CORP.,              :

                Plaintiff,             :
                                              02 Civ. 4788 (RMB) (AJP)
        -against-                      :
                                              **OPINION AND ORDER**
JOSEPH ANZA, VINCENT ANZA &            :
NATIONAL STEEL SUPPLY, INC.,
                                       :
                Defendants.
                                       :
---------------------------------------- x
```

**ANDREW J. PECK, United States Chief Magistrate Judge:**

        Presently before the Court is plaintiff Ideal Steel's May 17, 2005 letter application to determine whether defendants properly designated excerpts of four depositions and an expert's report as "Confidential/Attorneys' Eyes Only" under the Stipulated Protective Order dated October 12, 2004 (Dkt. No. 21).[1/] For the reasons discussed below, the application is GRANTED.

## BACKGROUND

        The Protective Order limits protection to "non public or confidential information requiring protection from public disclosure such as, without limitation, personal information, financial information or personnel records or confidential or sensitive business information." (Dkt.

---

[1/] In their May 19, 2005 response letter, defendants concede that the material should be redesignated only as confidential, not attorneys' eyes only. (See 5/19/05 Brodsky Letter to Court at 2: "[D]efendants concede that the documents enclosed with plaintiff's letter to the Court, which [defendants] initially designated as 'attorneys' eyes only' should more appropriately be designated 'confidential.'")

2

No. 21: Stip. Protective Order ¶ 4.) The Protective Order allows a party that disagrees with the other side's designation of information as "confidential" to "apply to the Court to strike or otherwise modify the designation," after unsuccessful meet and confer efforts. (Stip. Protective Order ¶ 9.)

Plaintiff Ideal previously moved to modify the Stipulated Protective Order to allow Ideal to present defendants' "Confidential" discovery material to governmental tax authorities, who Ideal is requesting to investigate defendants for the various alleged tax schemes at issue in this suit. (3/28/05 Beil Letter to Judge Berman.) By Order dated March 29, 2005, I found that "Ideal has not met its burden and the Court declines to modify the protective order. . . . [S]ince plaintiff's complaint alleged tax fraud (at least as to sales tax), it was foreseeable that plaintiff might want to disclose defendants' information to governmental tax authorities. Plaintiff could have provided for that in the stipulated Protective Order but did not." (Dkt. No. 46: 3/29/05 Order at 1-2.) Judge Berman rejected plaintiff's objections to my Order, affirming it on April 29, 2005. (Dkt. Nos. 55 & 57.)

My Order, however, had recognized that challenges under paragraph 9 to particular over-designation of documents was still available: "This is not to say that the parties may not have over-designated documents as 'confidential' under the Protective Order. If so, plaintiff is free to utilize paragraph 9 of the Protective Order to challenge defendants' designations." (3/29/05 Order at 2.) Ideal has taken up that invitation. (5/17/05 Beil Letter to Court.) Specifically, plaintiff Ideal challenges defendants' designation as "confidential" of portions of the depositions of defendant Vincent Anza and witnesses Leonard Palevsky, Andrea Parnass and Jay Ofsink, and also certain pages of the report of Ideal's expert, Weiser LLP, that itself summarizes the above deposition testimony. (See 5/17/05 Beil Letter Exs. 1-5.)

## **The Information At Issue**

The Court agrees with plaintiff that the challenged material is not properly designated as "confidential." The Anza deposition excerpts deal with defendant National Steel's practices in connection with not charging sales tax on certain sales – a fact (at least in allegation form) contained in plaintiff's complaint and amended complaint. The deposition also refers to what defendants did with cash from cash sales. No specific dollar amounts of defendants' sales are disclosed in the excerpts.

The Palevsky deposition excerpts in issue deal with the preparation of defendant National's tax returns, and how sales tax was treated. Again, no specific dollar amounts of defendants are disclosed.

The Parnass deposition excerpts in issue also deal with preparation of National's tax returns and the treatment of sales and sales tax. No specific dollar amounts are disclosed.

The Ofsink deposition excerpts in issue relate to preparation of National's amended tax returns and the treatment of sales amounts and sales tax. Unlike the other excerpts, this does include specific dollar amounts – which must be redacted before any use of the excerpts outside of this litigation.[2]

Finally, the Weiser expert report excerpts appear to be at issue because the report quotes from or summarizes some of the above deposition excerpts. Where the expert analysis in

---

[2] In other words, the Court upholds confidential treatment for the dollar figures but not the other aspects of the deposition excerpts.

these papers refers to certain percentages of National's business that involved cash vs. non-cash and taxable vs. non-taxable sales, no dollar sales figures are revealed in these excerpts.

## DISCUSSION

Defendants misunderstand the difference between this Court finding "good cause" for entry of a protective order, which it has done here (since the case involves direct competitors), and the need to show that the producing party has properly designated specific documents (or testimony) as confidential under the protective order and the Federal Rules and case law as to what can properly be designated as confidential. See, e.g., Uniroyal Chem. Co. v. Syngenta Crop Prot., 224 F.R.D. 53, 57 (D. Conn. 2004) ("[T]he umbrella [confidentiality] order initially protects all documents that the producing party designates in good faith as confidential. The opposing party can designate specific documents it believes to be not confidential, and the movant would have the burden of proof in justifying the protective order with respect to those documents. . . . The burden of proof remains at all times on the party seeking the protective order."). The burden of showing that specific documents deserve confidential status is on the producing party, here, defendants. See, e.g., In re Auction Houses Antitrust Litig., 00 Civ. 0648, 00 Civ. 6322, 2001 WL 690042 at *2 (S.D.N.Y. June 19, 2001) (defendant seeking to designate certain documents as confidential "is obliged to demonstrate that there is good cause to withhold them from the public record.").

While defendants assert that prior cases "have upheld protective orders in which tax returns . . . are deemed confidential" (5/19/05 Brodsky Letter at 2), the deposition (and expert report) excerpts at issue here are not tax returns nor do they reveal the information contained in tax returns.

While the excerpts reveal defendants' apparent failure to pay certain taxes, that information (at least in allegation form) is already public via plaintiff's complaint and amended complaint.

Other than to argue that plaintiff is bound by the terms of the confidentiality agreement that it voluntarily entered into (5/19/05 Brodsky Letter at 2), defendants give no other argument for why the material at issue is properly designated as confidential.

The only other ground posited by defendants (through Ideal's letter) is that this information will incriminate or embarrass defendants. (See 5/17/05 Beil Letter at 3.) That, however, is not a basis for documents to be held to be "confidential" under Rule 26. See, e.g., Dep't of Econ. Dev. v. Arthur Andersen & Co., 924 F. Supp. 449, 487 (S.D.N.Y. 1996) ("'Good cause' is not established merely by the prospect of negative publicity. A party seeking to file documents under seal generally must show both that the documents are confidential and that disclosure will result in a 'clearly defined and very serious injury.'") (citations omitted); Culinary Foods, Inc. v. Raychem Corp, 151 F.R.D. 297, 301 (N.D. Ill.) ("Although the information regarding the hazards of products and the corporation's knowledge of the information may be embarrassing and incriminating, this alone is insufficient to bar public disclosure."), clarified, 153 F.R.D. 614 (N.D. Ill. 1993); see also, e.g., Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) ("[A]n applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious. As embarrassment is usually thought of as a nonmonetizable harm to individuals, it may be especially difficult for a business enterprise, whose primary measure of well-being is presumably monetizable, to argue for a protective order on this ground."), cert. denied, 484 U.S. 976, 108 S. Ct. 487 (1987).

## CONCLUSION

For the reasons set forth above, defendants have not shown that the deposition excerpts and expert report excerpts at issue are properly designated as "Confidential" under Rule 26. Accordingly, plaintiff's application is GRANTED and the Court strikes defendants' designation of the excerpts at issue as confidential (except to the limited extent of the exact dollar figures referred to on page 3 & n.2 above).

SO ORDERED.

Dated:     New York, New York
           May 23, 2005

_____
**Andrew J. Peck**
United States Chief Magistrate Judge

Copies to:  Marshall Beil, Esq.
            William M. Brodsky, Esq.
            Judge Richard M. Berman

H:\OPIN\IDEALSTEEL