```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                  │
│ DATE FILED: 10/26/2012               │
└─────────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
IDEAL STEEL SUPPLY CORP.,                    :

                  Plaintiff,          :

      -against-                              :

JOSEPH ANZA, VINCENT ANZA, and               :
NATIONAL STEEL SUPPLY, INC.,                 :

             Defendants.            :
------------------------------------------------------------X

02 Civ. 4788 (RMB) (AJP)

**OPINION & ORDER**

## I.    Background

Before the Court is the Report and Recommendation of United States Magistrate Judge

Andrew J. Peck, issued from the bench on August 10, 2012 ("Report"), recommending that the

Court deny Plaintiff's motion for prejudgment attachment, filed on June 13, 2012.  (See Hr'g Tr.,

dated Aug. 10, 2012, at 15–16.)  Judge Peck determined that (1) attachment was inappropriate

because Defendant National Steel Supply, Inc. ("National Steel") "has no assets," and the Court

cannot attach the assets of non-party Omni Steel Supply LLC ("Omni Steel"); and (2) an

accounting of Defendants' assets and the posting of a $5 million bond were inappropriate

because Plaintiff conceded that it had "absolutely no case law support" for such relief.  (Report

at 4, 12, 15–16.)  No objections to the Report were filed.

**For the reasons set forth below, the Court adopts the Report in its entirety and**

**denies Plaintiff's motion for prejudgment attachment.**

## II.    Legal Standard

The Court may adopt those portions of a magistrate judge's report to which no objections

have been made and which are not clearly erroneous.  See Fed. R. Civ. P. 72(a); Pizarro v.

Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  The Court may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C.

§ 636(b)(1).

## III.    Analysis

Having conducted a review of the Report, the Court finds that the Report is not clearly

erroneous and, in fact, is supported by applicable legal authorities.  See Pizarro, 776 F. Supp. at

817.  The facts set forth in the Report are incorporated herein by reference unless otherwise

noted.

Judge Peck concluded that National Steel is "out of business" and "has no assets."

(Report at 2–4.)  Judge Peck also concluded that the Court cannot attach the assets of non-party

Omni Steel because "as [Plaintiff's counsel] conceded, Omni is not before the Court, and that's

why the Court cannot give any relief with respect to Omni."  (Report at 16); see Nykcool A.B. v.

Pac. Fruit Inc., No. 10 Civ. 3867, 2012 WL 1255019, at *6–8 (S.D.N.Y. Apr. 16, 2012).  And,

Judge Peck found that Defendants have "amicably resolved" to give Plaintiff 15-days notice

before "any sale or encumbrance" of certain real property located at 14564 Liberty Avenue,

Jamaica, NY and/or of the home of Defendant Joseph Anza.  (Report at 10–12, 15.)

Judge Peck also concluded that Plaintiff conceded "there is absolutely no case law

support" for an accounting or the posting of a bond.  (Report at 16; see id. at 6 (THE COURT:

"Give me a case that says on an attachment motion like this, you have the right to an asset

accounting."  PL. COUNSEL: "I don't have a case I can concede, your Honor."); id. at 6–7

(THE COURT: "Give me a case for the bond."  PL. COUNSEL: "I concede I don't have one at

my fingertips.").)

**IV.    Conclusion & Order**

For the reasons stated herein and therein, the Report [#159] is adopted in its entirety and

Plaintiff's motion for prejudgment attachment [#142] is denied.

A final pre-trial/settlement conference is scheduled for December 3, 2012 at 9:00 a.m.

The parties are directed to engage in good faith settlement discussions prior to the conference.


Dated: New York, New York
      October 26, 2012

_RMB_
_____
**RICHARD M. BERMAN, U.S.D.J.**